### EGER CO v CHAPMAN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2609. Decided May 2, 1936

Krueger, Rosino & Moore, Sandusky, and Paul M. Herbert, Columbus, for plaintiff.

John W. Bricker, Attorney General, Columbus, and Isadore Topper, Asst. Atty. General, Columbus, for defendants.

## OPINION

By BODEY, J.

This case is before the court on appeal. An amended petition has been filed in this court and the matter is now submitted upon a general demurrer filed by the defendants to that petition. While the amended petition contains but a single cause of action, the allegations thereof are set forth in six separate paragraphs. After alleging the corporate existence of the plaintiff with its principal place of business in Sandusky, Ohio, and the official character of the two defendants, the plaintiff alleges that it requires the use of freight elevators in its factory, located in Sandusky, and that it has therefore installed two elevators to meet its requirements. In paragraph 1 of this amended petition, the plaintiff alleges that under the provisions of House Bill No. 406 regulating the inspection of elevators and granting certain authority to and imposing certain

duties upon the department of Industrial Relations and the Division of Factory and Building Inspection, effective October 9, 1933, and found in §§1038-1 to 1038-24, GC, inclusive, the Director of Industrial Relations has authority to promulgate rules and regulations; that said Director without any authority in law has issued an order which does not relate to inspection but rather to construction and alteration of the elevators of plaintiffs; that there is no authority in law for the issue of such order and that the same is void by being unreasonable, arbitrary and retroactive and in violation of §20 of Article I, and §1 of Article II, and §28 of Article II of the Constitution of Ohio and of §1 of the 14th Amendment, to the Constitution of the United States. In the second paragraph of this amended petition the plaintiff alleges that the power granted by §1038-14, GC, to the inspectors of elevators is in contravention of §26 of Article II of the Ohio Constitution and of §1 of the 14th Amendment to the Federal Constitution. Paragraph 3 of the amended petition we quote in full as follows:

"3. ·That during the year 1928 the plaintiff converted its hand power freight·elevator into a power elevator through the means of a direct connecting worm drive; that in doing this the old hand operating devices were removed, such as bull wheel, shoe brakes and all operating ropes; that when this was completed it was examined by an inspector of work shops and factories of the State of Ohio and the plaintiff permitted to operate the same; that also in the year 1298 the plaintiff installed another electric power freight· elevator which at the time met all the requirements of the State Industrial Commission's rules and regulations relative to freight elevators, and was inspected and approved by the State Inspector; that the plaintiff has continued to operate both of said elevators thereafter maintaining the same in a good state of repair and in a safe condition; that although both of said elevators are in a safe condition and not in any way dangerous to life and property but entirely through the whim and caprice of an Inspector and wholly as a fraud and an injustice upon the plaintiff, such Inspector has reported said elevators not to be in a safe condition to operate;·that other elevators in the State of Ohio of the same type and construction and of the same condtion and state of repair have been approved by an inspector and a certificate of operation has been issued to the owners thereof by the defend-

ant, Edgar W. Brill as Chief of Division of Factory Building Inspection; that the plaintiff has been discriminated against by the defendants; that the plaintiff is entitled to a certificate of operation to be issued by the defendant, Edgar W. Brill as Chief of Division of Factory and Building Inspection, but that said defendant wholly fails and refuses to do so on the unwarranted claim and false basis that plaintiff's elevators are in an unsafe condition to operate and will continue to refuse to issue such certificate unless required to do so by this court."

The fourth paragraph of the petition alleges that §§1038-20 and 1038-21 GC are void by reason of granting legislative authority to a Department in violation of §1 of Article II of the Ohio Constitution.

In its 5th paragraph, plaintiff attacks the constitutionality of §§1038-2, 1038-13 and 1038-14 GC, it being claimed that these sections are violative of §1 of the 14th Amendment to the Constitution of the United States and of §1 of Article II of the Ohio Constitution.

In its 6th paragraph, the plaintiff alleges that §1038-24 GC of the enactment is discriminatory and is not equally applicable throughout the State of Ohio and violates the provisions of the Ohio Constitution in vesting municipalities with the powers of local self-government. Plaintiff then alleges that the defendants, unless they are enjoined, through their agents and employees will wrongfully interfere with the rights of plaintiff in the operation of its said elevators to its irreparable loss for which it has no adequate remedy at law. Plaintiff prays for the issue of a temporary restraining order that the same be made permanent on final hearing and that the entire enactment above referred to, §§1038-1 to 1038-24 GC, inclusive, be declared void and unconstitutional, and in the alternative that in the event §1038-13 GC be declared constitutional that a mandatory injunction be issued requiring the defendant, Brill, as Chief of the Division of Factory and Building Inspection to issue a certificate of operation to the plaintiff permitting the operation of its elevators.

Sec 1038-13 GC reads as follows:
"Every inspector shall forward to the division of factory and building inspection a full report of each inspection made of any elevator, as required to be made by him under the provisions of this act, showing the exact condition of the said elevator. If this report indicates that the said elevator is in a safe condition to be operated, the division of factory and building inspection shall issue a certificate of operation for a capacity not to exceed that named in the said report of inspection, which certificate shall be valid for one year after the date of inspection unless the certificate is suspended or revoked by the division of factory and building inspection. No elevator may lawfully be operated on or after January 1, 1934, without having such a certificate conspicuously posted thereon; where there is an elevator cab it shall be posted conspicuously therein."

Sec 1038-14 GC reads as follows:
"If any elevator be found which in the judgment of an inspector is dangerous to life and property or is being operated without the operating certificate required by this act, such inspector may require the owner or user of such elevator to discontinue its operation, and the inspector shall place a notice to that effect conspicuously on or in such elevator. Such notice shall designate and describe the alteration or other change necessary to be made in order to insure safety of operation, date of inspection and the time allowed for such alteration or change. Such inspector shall immediately report all facts in connection with such elevator to the division of factory and building inspection. In the event a certificate has been issued for such elevator, the said certificate shall be suspended and not renewed until such elevator has been placed in safe condition. In such case, where an elevator has been placed out of service, the owner or user of such elevator shall not again operate the same until repairs have been made and authority given by the division of factory and building inspection to resume operation of the said elevator."

Due to the fact that the amended petition in this case contains but a single cause of action, the court is obliged under the law, to overrule this demurrer if any paragraph or part of the amended petition states a good cause of action. Although the plaintiff has not set forth the order which has been entered against it by the defendants it has pleaded in the 3rd paragraph of the amended petition that the inspector of defendants has reported its elevators "not to be in safe condition to operate." In the same paragraph, the plaintiff has alleged that its elevators as now constructed have been examined in the past by an inspector of work shops and factories and that it has been permitted to operate the same by

and with the approval of the inspector of that department. The plaintiff also avers that it has thereafter maintained its elevators in a good state of repair and a safe condition. The defendants argue that these allegations are conclusions of law rather than fact but it is the view of the court that they are allegations of fact and that they are well pleaded and are therefore admitted by this demurrer. They tend to establish the claim that the inspector of the defendants abused his discretion in refusing to certify the elevators of plaintiff as being in a safe condition and they also tend to establish that the defendant, Brill, abused his discretion in refusing to issue a certificate of operation to plaintiffs. While the prayer of the petition is not a part thereof, an examination thereof indicates that the plaintiff claims not only that the various sections of the elevator code are unconstitutional and void but also that if they be constitutional, plaintiffs are entitled to a certificate of operation and that the refusal to so issue such a certificate constitutes an abuse of discretion by the defendants. The court is therefore confronted with the proposition that a portion of this petition does state, in its judgment, a good cause of action. That being true, it follows, under the law, that the demurrer is not well taken and should be overruled. Defendants are granted leave to answer. Exceptions may be noted.

BARNES, PJ, and HORNBECK, J, concur.